IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>   Plaintiff,   )<br>   )<br>   v.   )<br>   )<br>Charles P. Cosgrove,   )<br>   )<br>   Defendant.   )<br>   ) | Case No.  00-20118-JWL |

**MEMORANDUM AND ORDER**

In 2001, Defendant Charles P. Cosgrove was sentenced to 120 months in prison for drug and firearm offenses. Mr. Cosgrove has now filed pro se, in his criminal case, a Motion for Declaratory Judgment. (Doc. 144.) For the reasons stated below, this motion is denied.

1.  Requesting an Amendment to the Presentence Report

First, Mr. Cosgrove has requested declaratory judgment to amend his Presentence Report. Mr. Cosgrove claims that his Presentence Report erroneously stated the following:

On December 10, 1998, prior to being released on probation, Cosgrove was transported to Wyandotte County, Kansas, jail facility to address various outstanding warrants. While staff were exiting the vehicle, Cosgrove also exited the vehicle and fled. He was declared absent

without leave, new charges were filed for escape, and a warrant was issued for his arrest. (PSI at 15.)

Mr. Cosgrove claims he was driven by an employee of the Johnson County Residential Center to the Wyandotte County Courthouse to address outstanding tickets when he exited the car and walked home. He claims this is not an escape and should be clarified to reflect such in his Presentence Report. Mr. Cosgrove hopes this change in his Presentence Report will force the Bureau of Prisons ("BOP") to lower his escape level to minor, lower his inmate security level to medium, and grant his request for transfer to Leavenworth or Springfield.[1]

Mr. Cosgrove has not identified any statutory or other basis for his request. Amendment of a Presentence Report is governed by Rule 32 of the Federal Rules of Criminal Procedure. FED. R. CRIM. P. 32. Rule 32(f)(1) states that "[w]ithin 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information . . . contained in or omitted from the report." FED. R. CRIM. P. 32(f)(1).

Additionally, Rule 32(i)(1)(A) states that "[a]t sentencing, the court must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." FED. R. CRIM. P. 32(i)(1)(A).

---

[1] Mr. Cosgrove does not appear to be requesting the Court to review the BOP's decision regarding his security level. Mr. Cosgrove cites no authority for the Court to have the power to review such a decision by the BOP. Therefore, to the extent that Mr. Cosgrove is requesting such review, this request is denied.

2

Following this verification, the court "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." FED. R. CRIM. P. 32(i)(1)(D). Any objection to the Presentence Report after the time of sentencing is untimely and the Court may deny an untimely objection. *U.S. v. Eastteam*, 426 F.3d 1301, 1303 (10th Cir. 2005).

Mr. Cosgrove's objection comes over seven years after his sentencing. It therefore fails the 14-day requirement of Rule 32(f)(1) and the pre-sentencing requirement of Rule 32(i)(1)(D). It is the Court's practice to verify at sentencing that a defendant has reviewed the Presentence Report with counsel and Mr. Cosgrove does not suggest otherwise here. Additionally, the fact that Mr. Cosgrove made two unrelated objections (which were withdrawn) at his sentencing to the accuracy of facts in the criminal history portion of his Presentence Report further shows that he reviewed the Presentence Report with his attorney. If he disagreed with the facts concerning his 1998 escape in his criminal history summary in the Presentence Report, he should have included this objection with his other objections to this portion of the report or raised the matter at the hearing before sentence was imposed. He did not. Moreover, Mr. Cosgrove has not cited any authority that would allow him to seek amendment of the Presentence Report at this time. Consequently, Mr. Cosgrove's motion to amend is untimely and is denied on that basis.

2.  Requiring the BOP to Provide Regular Psychological Treatment

Mr. Cosgrove is also requesting declaratory judgment stating that he suffers

from mental illness and requiring the BOP to provide him psychological treatment. In his motion, Mr. Cosgrove states that he has a lengthy mental health history and needs psychological treatment on a regular basis. He states that this Court requested he be placed at Springfield Federal Penitentiary for psychological treatment. Additionally, Mr. Cosgrove claims that he has repeatedly asked for psychological treatment at Big Sandy Federal Penitentiary and has been repeatedly denied access to these services by the BOP. Also, Mr. Cosgrove claims that the violent atmosphere of Big Sandy Federal Penitentiary has caused his poor mental health to further deteriorate.

Drug and mental health treatment was required as part of Mr. Cosgrove's supervised release after imprisonment. The Court also encouraged Mr. Cosgrove to take advantage of any opportunities while in prison to seek psychological treatment. His actual sentence, however, did not require psychological treatment while in prison. Moreover, it appears that the BOP has considered and dismissed Mr. Cosgrove's request for psychological treatment, and Mr. Cosgrove has not identified any authority making that decision subject to the Court's review in this manner. For this reason, Mr. Cosgrove's motion for declaratory judgment requiring the BOP to provide him with psychological treatment is also denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Declaratory Judgment (Doc. 144) is denied.

**IT IS SO ORDERED** this 26th day of November, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
